Rutledge v. The Presbyterian Church
of Johnstown.

*Real property — Boundary — Established by acquiescence, when — Estoppel.*

The boundary line between the lands of two adjacent owners may
be determined by agreement or acquiescence for so long a
period of time as to estop either of the owners from asserting
that the true boundary is on a different line.

(Decided May 23, 1914.)

Appeal: Court of Appeals for Licking county.

Powell, J.; Voorhees and Shields, JJ., concurring.

The plaintiff, Edward S. Rutledge, for his cause of action, sets out in his petition that he is the owner of certain real estate in the village of Johnstown, this county, describing the same. He alleges that he is in possession of such real estate, and that he and those through whom he claims title have been in possession thereof for more than forty years. He alleges that the defendant is a church organization and a church corporation; that the defendants, McCurdy, Ross and Densmore, are the trustees of such corporation; that they are constructing a church edifice upon the lands lying immediately north of his lands, which are described in the petition, and that they claim the right to go upon the land of plaintiff and construct such church building upon some five feet thereof; that they threaten to cut down certain fruit and shade trees standing upon his land, and remove a building thereon used by him for storing coal; that they

threaten to forcibly take possession of said land and building and destroy his improvements thereon; that they threaten to do this under a claim of right, and that, unless restrained, they will so enter upon his land and build a structure thereon, to his irreparable damage. He prays for an injunction. A temporary injunction was allowed and a motion was filed to dissolve the same. The cause was heard upon such motion, although the defendants, at the same time that they filed their motion to dissolve the injunction, filed an answer and cross-petition to the petition of the plaintiff. An appeal was taken from the order of the court of common pleas to this court, where the same was heard upon such motion and the evidence adduced in support of the same.

It is disclosed by the evidence that the defendant is the owner of the lands described as follows:

Situated in the county of Licking, state of Ohio, and in the village of Johnstown, and being a tract or parcel of land lying and being in the state of Ohio and county of Licking, being a part of a town lot lying in the northeast corner of lot No. 8, second range of house lots in the village of Johnstown, Ohio, beginning at the northeast corner of said lot; thence running south, forty degrees east, four rods; thence south, fifty degrees west, seven rods; thence north, forty degrees west, four rods; thence running north, fifty degrees east, seven rods to the place of beginning, containing twenty-eight rods of land.

Between the lands of plaintiff and the church lot, it appears, a fence had formerly been erected, and, as claimed by the defendant, it lived the usual life

of a picket fence and then disappeared. Such fence was an extension of the north line of a coal house standing upon the plaintiff's land, but which abutted upon the lands of the defendant. On the north side of the lands of plaintiff had been planted certain fruit trees, which were still standing at the commencement of this action. The testimony discloses that said fence was built where it stood in the neighborhood of forty years or more ago; that after it had worn out no new fence was erected in its place, but that the ground stood open between the land of the plaintiff and the lot of the defendant. The testimony discloses that the fruit from the trees which stood on the south side of the old fence was claimed by the parties then owning the land of the plaintiff, and who claimed to own the same; that the trees were planted by them; that the coal house was used by plaintiff's predecessors in title, and was built by them where it now stands, and the plaintiff continued the use of such coal house and still uses the same. It further appears from the testimony of certain witnesses that when such fence was standing it stood between the trees on the south side and the church upon the north side of such fence; that they had stood on the fence and gathered fruit off of the trees, and at the same time could reach over and touch the church building on the north side of such fence; and that the same evidently had been used as a dividing line between the property of plaintiff and defendant.

It further appears by a recent survey that the south line of the church lot was found to be from five to seven feet south of where such old fence had stood. It is claimed by the defendant that such

strip of ground, five to seven feet south from where such old fence stood, is a part of said lot.

It is well settled that a line may be established by an agreement of parties and occupancy of such land for a long period of years; and that when a line is so established by prescription, it continues to be the line between the lands of the parties abutting thereon.    We think this rule applies in this case. The line was established, or acquiesced in at least, for a long period of years and was never questioned until a new survey was made, and such acquiescence would constitute an estoppel against either of the parties owning lands on either side of such line from asserting a claim to any other land, even though it should be determined not to be the true line by a survey thereof.

As was said by Judge Cooley in a Michigan case:    "In cases of this kind, it is not so much as to where the true line is, as to where the parties have agreed that it is, and have made their improvements in reference to such agreed line."

We think that is the rule that applies in this state, and that a line can be determined or agreed upon, or at least acquiesced in, for such a period of time as to constitute an estoppel against claiming any other line as the true boundary.

The motion to dissolve the temporary injunction will be overruled.

*Motion to dissolve temporary injunction overruled.*

*Mr. A. A. Stasel,* for plaintiff.

*Messrs. Fitzgibbon, Montgomery & Black,* for defendant.